Dear Mr. Walker:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Terrebonne Port Commission ("Port"), you have asked for our opinion on a matter concerning Louisiana's Public Bid Law, La.Rev.Stat. 38:2211 et seq.
Your request indicates that the Port has entered into a certain Dry Dock Lease Agreement with LaShip, L.L.C. The Dry Dock Lease obligates the Port to construct a floating dry dock for the benefit and use of LaShip, L.L.C. on Port premises, which are also leased from the Port pursuant to a separate lease agreement by LaShip, L.L.C. The Dry Dock Lease provides that prior to commencing any construction whatsoever, LaShip, L.L.C. shall provide the Port a complete set of plans and specifications in public bid format detailing the construction of the Dry Dock. Your request indicates that design drawings, plans and specifications were provided to LaShip, L.L.C. by North American Shipbuilding, L.L.C. These design drawings, plans and specifications were subsequently used as the Bid Documents for letting the Dry Dock Project out for bid. The Dry Dock Project was advertised and let for bid, with the following bids being received:
 1. North American Shipbuilding, L.L.C. bid Nineteen Million, Five Hundred Thousand Dollars ($19,500,000.00);
 2. Gulf Island Fabricators, Inc. bid Twenty-Six Million, Five Hundred Sixty-Three Thousand Fifty-Five Dollars ($26,563,354.00);
 3. Bollinger Shipyards, Inc. bid Thirty-Two Million Dollars ($32,000,000.00). *Page 2 
Specifically, you ask for our opinion on the following question:
 Does La.Rev.Stat. 38:2212.7 prohibit the Port's acceptance of the bid of North American Shipbuilding, L.L.C. on the Dry Dock Project?
After review of the specific language of the statute, we do not believe La.Rev.Stat. 38:2212.7 prohibits the Port from accepting the bid of North American Shipbuilding, L.L.C. La.Rev.Stat. 38:2212.7 provides the following:
 § 2212.7. Limitations on consultants competing for contracts
 Any person contracting with an agency for the purposes of developing bidding documents, requests for proposals, or any other type of solicitation related to a specific procurement shall be prohibited from bidding, proposing, or otherwise competing for award of that procurement. Such persons shall further be prohibited from participating as subcontractors related to the award of that procurement.
The provisions of La.Rev.Stat. 38:2212.7 relate to any person contracting with an "agency" for purposes of developing bidding documents. Although neither La.Rev.Stat. 38:2212.7 nor La.Rev.Stat.38:2211 provide a definition for "agency", in our view it is clear that there is a distinction between an "agency" of the state of Louisiana and a "political subdivision" of the state of Louisiana.
Title 49, State Administration, of the Louisiana Revised Statutes defines a state agency as, "any board, commission, department, division, agency, office, or other entity within the executive, judicial, and legislative branches of state government." See La.Rev.Stat. 49:200
(C). Louisiana Constitution Article VI, Section 44 defines a political subdivision as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions."
The Port's enabling statute expressly provides that the Port was created as a political subdivision. See La.Rev.Stat. 34:2201. Accordingly, inasmuch as the Port is not an "agency", it is our opinion that the provisions of La.Rev.Stat. 38:2212.7 are not applicable to the Port and therefore would not prohibit the Port from accepting the bid of North American Shipbuilding, L.L.C.,
Assuming, arguendo, that Section 2212.7 applies to the Terrebonne Port Commission, we believe the provisions would not be applicable to the bid at issue. We note that although your opinion request mentions that LaShip, L.L.C. and North American Shipbuilding, L.L.C. are owned by the same parent company, it our understanding that North American Shipbuilding, L.L.C, as a separate legal entity recognized by Louisiana law, did not contract with the Port for the purposes of developing bidding documents. Thus, even if the provisions of La.Rev.Stat.38:2212.7 would apply to the Port, Section 2212.1 would not be applicable to the Port vis- À -vis the actions of North American *Page 3 
Shipbuilding, L.L.C. since North American Shipbuilding, L.L.C. has not entered into to any contract with the Port for any of the purposes set forth in Section 2212.7.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt